UNITED STATES of America, Plaintiff–Appellee,

v.

Victor Guerrero BOJORQUEZ CARDOZA, also known as Victor Cardoza Bojorquez, Defendant–Appellant.

No. 05–50160
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 4, 2005.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Philip J. Lynch, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before REAVLEY, STEWART and PRADO, Circuit Judges.

published and is not precedent except under

PER CURIAM: *

Victor Guerrero Bojorquez Cardoza appeals the sentence imposed following his guilty-plea conviction for possession of marijuana with intent to distribute. He argues that the district court plainly erred in imposing his sentence pursuant to the then mandatory United States Sentencing Guidelines, which were subsequently held unconstitutional in *United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Because he did not raise this issue in the district court, review is limited to plain error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005)(No. 04–9517). Under the plain-error standard of review, "reversal is not required unless there is (1) an error; (2) that is clear or plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

The imposition of Cardoza's sentence under the mandatory Guidelines was error that was plain. *See United States v. Martinez–Lugo*, 411 F.3d 597, 600–01 (5th Cir. 2005) (No. 04–40478). However, Cardoza has not shown that the error affected his substantial rights as he has not shown that the district court would likely have imposed a lesser sentence under an advisory Guidelines sentencing scheme. *See United States v. Bringier*, 405 F.3d 310, 317 (5th Cir.2005). In both the instant case and *Bringier*, the district courts stated at sentencing that the sentence was the lowest it could give. *See id.* Therefore, he has not shown that the district court's imposition of his sentence under the mandatory Guidelines was reversible plain error. *See*

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

*id.* Accordingly, Cardoza's sentence is AFFIRMED.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.